## WAIVER OF JURY TRIAL IN POLICE COURT.

[Circuit Court of Lucas County.]

GEORGIE EVANS v. STATE OF OHIO.*

Decided, October 19, 1901.

*Police Court—Loses Jurisdiction After Term During Which Judgment Was Rendered—Weight of Evidence Before—Jury Trial and Waiver of, in an Assault and Battery Case—Waiver Should be Noted Upon the Record.*

1. A police court has no jurisdiction to hear or determine a motion for a new trial, which is not filed during the term in which the judgment was rendered.
2. Where the evidence is conflicting the judgment of a police court judge, unless manifestly against the weight of the evidence, will not be disturbed by a reviewing court.
3. A waiver of trial by jury in an assault and battery case should, as a matter of safety, be noted upon the record.
4. But where the bill of exceptions is silent as to a demand for a jury, or a refusal to waive the right of trial by jury, in an assault and battery case tried in a police court, a reviewing court in view of the fact that a police court is a court of record and has jurisdiction to try such a case will assume that a jury was waived.

HAYNES, J.; PARKER, J., and HULL, J., concur.

There are two petitions in error filed in this court, one in cause 2504 and the other in 1532. Upon the filing of the first petition in error a suspension of the execution of sentence was had in the case. As appears by the second record, the defendant appeared in the police court and filed a motion for a new trial on the ground of newly discovered evidence, and submitted a number of affidavits to the court in support of that motion. The court overruled that motion, as the record shows, and that action of the police court was affirmed by the court of common pleas. It is not stated in the journal entries the grounds upon which the police court overruled the motion or upon which the court of common pleas affirmed the action of the lower court, though it said in argument that in both cases it was done because the motion was not filed in time.

*Affirmed by the Supreme Court without report, April 27, 1903.

The police court is divided into monthly terms, or twelve terms a year (Section 1793, Revised Statutes). This case was tried in January last, and final judgment was rendered on the filed in June, a suspension of judgment being had on June 17, 1901. It will be observed, therefore, that about six months had elapsed between the time of final judgment in the police court and the filing of the motion for a new trial. The statute, Section 5307, Revised Statutes, governing the course of procedure in the police court, provides that all motions must be filed during the term, and, except upon the ground of newly discovered evidence, within three days after the trial. The point is made by the attorney for the state that this motion was not filed in time, and the court had no jurisdiction to hear and determine or to allow it. We hold the position taken is correct, and therefore affirm the action of the court of common pleas in sustaining the police court in that regard, and decline to enter into an examination of the affidavits that were filed.

In the first case it appears that an affidavit was filed in the police court charging the defendant, Georgie Evans, with assault and battery, the prosecution being in the name of the State of Ohio, under the statutes of the state, and the person filing the affidavit being one Gypsy Lonsdale. Thereupon the defendant was arrested, an information was filed in the police court by the prosecutor, and the record discloses this course of proceeding:

"Affidavit filed January 24. Information filed January 25. Defendant in court ready for trial. Plead not guilty. Trial had. Defendant found guilty. Defendant excepts. Continued to January 29 to file motion for a new trial. January 29, defendant in court. Motion for a new trial filed January 28; same submitted this 29th day of January, and motion overruled. Defendant excepts. Defendant is sentenced to sixty days in the workhouse and pay the costs, taxed at $6.35, stand committed to the workhouse until paid. Defendant excepts."

Thereupon the defendant was given thirty days in which to prepare a bill of exceptions, which was presented, signed, and filed in the court. The motion for a new trial was as follows:

"Now comes the defendant, Georgie Evans, and moves the court to set aside the verdict heretofore rendered herein, and

for a new trial, for the reason that the verdict is not sustained by sufficient evidence, and is contrary to law.''

The bill of exceptions sets out very briefly in narrative form the evidence said to have been taken before the police court. We have examined this evidence very carefully, and have listened to the arguments of counsel upon that question. The testimony shows in brief and in general, that the defendant was residing on Lafayette street, and the complaining witness was a resident of her house. About midnight of the day in question the complaining witness was dressing to go down to the parlor, and while doing so the defendant asked her to do an indecent act. What that act was is not set forth, presumably it was of such a nature that in the opinion of the court it ought not to be carried into the record. This she refused to do, and upon that some words followed, and the complaining witness started to leave the house. The defendant, claiming that she was indebted to her, proceeded to seize her clothing, and when she did so, the complaining witness, proceeding to protect herself, seized the clothing herself, and upon that an affray ensued. There seemed to have been a considerable noise and talking. There were two other females residing in the house, who seemed to be up and about the house, and they came into the room and joined in, and the result was that the complaining witness left the house minus the clothing that she did not have on her person, as we understand. During the affray she was struck in the eye and was bruised in several parts of the body, as she claimed.

The question before the court was whether or not the defendant had struck her or committed the assault upon her. The defendant claimed that she did not do it, but that one of the other girls did it, and I think one of the other girls testified that she did strike her. However, upon an examination of the evidence, hearing the witnesses, at the conclusion of the testimony the court found her guilty, and sentenced her as appears by the record.

It is said here that it does not appear that this was a house of ill-fame. It may be remarked, however, that it does not appear by the record that it was a house of good fame. But

whatever it may have been in that respect, the witnesses were before the court. The judge of the police court saw them. It may be remarked that in the administration of justice in that court they are very frequently called upon to deal with these various characters whose reputations may be said to be—not good. The judge had the opportunity to see these parties, and to decide the case from their appearance in court, and from their manner of testifying. In everything of that kind we think he would be better able to judge whether the witnesses were telling the truth, or who was telling the truth, than we would be by simply reading this limited record, and we think we ought not to disturb his conclusions and finding of fact.

We are of the opinion that his conclusions were right. This defendant, Georgie Evans, is the one who commenced the attack. She proceeded without any right whatever to levy upon the property of this complaining witness, and the complaining witness endeavored to retain possession of it. It is admitted by all that the complaining witness was injured. She came into court having all the appearances of having suffered from the effects of this attack; it appearing that she had been injured, that much going to sustain her position that she had been injured in an affray, an assault and battery. It would seem that the defendant did not go into that room with any very peaceful intentions, or with any very pleasant feelings towards the complaining witness. It is true that the defendant denies that there was any request that she should do an indecent act. It was said by the other witnesses that the defendant states the truth in that respect. We shall not disturb the verdict on

Upon the hearing in this court a question was raised that is of more importance. It is said it was not raised in the courts below. Whether it was or not does not appear from the record. It has been very fully argued, and realizing the importance of it we asked counsel for full briefs upon the subject.

It will be noted that this offense is now and has been, perhaps, ever since the passage of the criminal statutes of the state, an offense punishable by imprisonment, the statute, Section 6823, Revised Statutes, being that the convicted person may be fined $200 or imprisoned in the county jail for a period not exceeding

six months. It was an offense at common law punishable by fine and imprisonment. It appears by the record, as I have already read, that the defendant pleaded not guilty, and that a trial was had, and that the defendant was found guilty; but beyond that the record is silent.

We have spent a great deal of time upon this question, and have examined all the statutes that seem to have any bearing on the point raised or upon the decisions that were cited by counsel. I shall not attempt to go through all of them, but confine myself briefly to so much as we think is necessary to decide the question before us.

Section 1788, Revised Statutes, provides that—

"The police court shall have jurisdiction of any offense under any ordinance of the city, and of any misdemeanor committed within the limits of the city or within four miles thereof, to hear and finally determine the same, and impose the prescribed penalty; and in cities of the first grade of the second class the court shall have jurisdiction of any offense under any ordinance of the city and misdemeanor committed within the limits of the county in which such city is situated, to hear and finally determine the same and impose the prescribed penalty; but cases in which the accused is entitled to a trial by jury, shall be so tried, *unless a jury be waived.*"

The Constitution provides that in the trial of crimes and misdemeanors the accused shall have the right to be tried by a jury and meet his witnesses face to face. That provision of the Constitution is applicable to cases of this kind. The statute, I may say in passing, makes a slight difference between the powers of the police court and a magistrate. Magistrates have the right to examine and bind over parties to the court. In cases of felony the police court has the same power; but, so far as I can find, the only power the magistrate has is to bind the party over, except in cases where the party waives a trial by jury in minor offenses and submits to be tried by the court. In the constitution of the police court, however, where the defendant pleads not guilty, if the accused does not waive a trial by jury, the court has the right to summon a jury and proceed to try the case to the jury. The only power the magistrate has where the

accused party has the right of trial by jury and does not waive a jury, is to bind the party over to a higher court.

The question is whether or not this record should not have shown that, before the court proceeded to the trial of the case, the accused waived a trial by jury. Most certainly, in the proper course of the proceedings, it should be put in the record. The clerk in this particular case has omitted it or overlooked it.

I had thought upon the opening of the examination of the case, that it being a jurisdictional question, it would be the duty of the police court, unless trial by jury was waived, to bind the accured over to a higher court; but that court had the right to call a jury to try the case and render final judgment, where a jury was not waived. The statute I have read shows that the police court had full jurisdiction of the case; the Supreme court has held that that court is a court of record. So we have a case where the court had jurisdiction of the crime and of the person, and a court that is a court of record; and, therefore, the general rule may be invoked, that in a court of record where jurisdiction is shown, it will be presumed that all the necessary proof was made or things done in order to enable the court to arrive at the judgment at which it did arrive, unless the contrary is shown; that is to say, it may be said that that principle should be invoked in favor of the waiver of a jury. The courts will presume that a jury was waived unless by a proper bill of exceptions it is shown that the party demanded his right to a trial by jury, or unless it is shown that he refused to waive his right, which amounts to the same thing.

I thought at first that the rules in regard to civil cases would have a bearing upon this question, but I find upon an examination of the decisions of the Supreme Court and the statutes this state of facts:

Section 5130, Revised Statutes, provides:

"Issues of law must be tried by the court, unless referred as hereinafter provided; and issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, *unless a jury trial be waived,* or a reference be ordered as hereinafter provided."

Section 5204, Revised Statutes, provides that:

"In actions arising on contract the trial by jury may be waived by the parties, and in other actions with the assent of the court, in the following manner:

"1.  By the consent of the party appearing, when the other party fails to appear at the trial, by himself or attorney.

"2.  By written consent, in person, or by attorney, filed with the clerk.

"3.  By oral consent in open court, *entered on the journal.*"

The case of *Bonewitz* v. *Bonewitz,* 50 Ohio St., 373, went to the Supreme Court upon a journal entry reading as follows:

"That the cause coming on for trial came thereupon the parties and their attorneys, and neither party demanded or waived the interposition of a jury, but without objection submitted the cause to the court upon the pleadings, evidence and argument of counsel."

It was an action upon a written obligation.  The judge delivering the opinion of the court says:

"To sustain the judgment of the common pleas, it must appear, either that a jury was waived, or that the issues were such that the cause could of right be tried by the court without a jury."

He then cites the statutes which I have read, Sections 5130 and 5204, Revised Statutes, and held that inasmuch as it appeared that the parties appeared in court and *submitted* the case without a jury, that was in substance an entry upon the journal of the waiver of a jury, because if the party submitted the case to the court, he consented that the court should try it.  In many other states the statutes provide that the court may try the case if a jury is not demanded, making it obligatory upon the party, if he desires a jury, to demand it; in others, as appears in the case, *Bonewitz* v. *Bonewitz, supra,* the court may hear the case only upon consent being entered in writing.

After a very full consultation upon the question, and examination of it, whatever our views of it may have been in the first instance, we think the case is decided by the Supreme Court in *Billigheimer* v. *State,* 32 Ohio St., 435.  In that case Billigheimer had been prosecuted under a statute of the state in the name of the state for performing common labor upon the

Sabbath. His defense was that he was an Israelite, and that the Sabbath to him was on Saturday, and he had a right to work on Sunday. According to the provision of the statute at that time the penalty was the imposition of a fine not to exceed $5. The statute, however, has been changed, and it is now a matter of imprisonment. The statute, however, with regard to the police court of the city of Cincinnati was the same then as it is now, and the accused was required to be tried by a jury unless he waived the jury. In that case the record was silent as to whether the accused waived a jury and showed that the party refused to plead, and thereupon the court entered a plea of not guilty for him, and proceeded to hear the case and to the imposition of a fine. The question was raised whether or not the party could waive a jury at all. It was claimed that under the provisions of the Constitution he must be tried by a jury, and the decision, which is quite a lengthy one, enters very fully into a discussion of that question, holding, after a citation of many authorities, that in cases of misdemeanors a jury might be waived. It is well known that in cases of felony the Supreme Court of this state have held that the accused can not waive a jury; that he must be tried by a jury. The Supreme Court say at page 441 in this case:

"We think, therefore, that as to minor offenses there can be no doubt but that defendant can waive a jury and submit to a trial by the court. The police judge has the power to hear the cause if a jury has been waived. * * * The only question, therefore, is, did the defendant waive his right. As has been said the record indicates nothing on the subject. It merely shows that when the court ordered the plea of not guilty filed, the cause proceeded and evidence was heard. It does not show that defendant demanded a jury, nor that he excepted to proceeding without one. This failure to avail himself of his rights must be held to be a giving of consent."

It has been said that that was a minor offense, but that makes no difference in this particular case, because the court had no right to try this party, under the statute, unless he waived a jury. But the decision is a decision upon the point that if the record does not show that he demanded a jury, it must be held

to be a waiver of that right; and that I take to be true, whether it be a statutory right or a constitutional right.

There is an early case, decided in 1854, which went up from this county, *Dailey* v. *State,* 4 Ohio St., 57, in which there was a prosecution that went up from this county, being a prosecution before the probate judge; and the question there discussed was as to whether the accused might waive a jury trial. The decision was by Judge Kennon, a very able and very conservative lawyer:

"Is the statute, authorizing the probate judge to try the issue upon a plea of not guilty, constitutional? By Section 5 of the Bill of Rights, in our present Constitution, it is provided that the right of trial by jury shall be inviolate. By Section 10 it is provided that in any trial, in any court, the party accused shall be allowed to have a speedy public trial by an impartial jury.

"The probate act confers certain criminal jurisdiction on the probate court, and then provides that, upon a plea other than a plea of guilty, if the defendant does not demand a trial by jury, the probate judge shall proceed to try the issue."

Then he goes quite fully into the question, and holds that the accused was not deprived of the right of trial by jury, because he had not demanded it, which it was his duty to do if he desired a jury trial.

We are of the opinion, as stated before, that *Billigheimer* v. *State, supra,* settles the question, and that the judgment of the court of common pleas should be so affirmed, and it is so ordered.

We have said already as to the second case, that we have not looked into the record because it was not filed in time. It appears, however, that if we had looked into it, we would have found among the affidavits filed one made by the defendant herself, wherein she states that she waived a trial by jury before the police judge. It seems, therefore, that the error that has arisen here has been the omission of the clerk of that court to note that fact. We are clearly of opinion that the only safe and proper rule is for the police court to have that fact noted upon the record, because by the statute the court has no power whatever to try the defendant except he waives a trial by jury.

*D. H. Commager* and *King & Tracy,* for plaintiff in error.

*Wm. H. Ulery,* Assistant Prosecuting Attorney, for the State.